Order and Decision
Justice LEEDS.
Petitioners seek relief for alleged illegal abuse of power by the Principal Chief in violation of the Indian Civil Rights Act of 1968 and the Constitution of the Cherokee Nation (1975). Petitioners contends the Principal Chief lacked the authority to file a civil lawsuit in Oklahoma state court against Petitioner Mayes, a tribal member, and Petitioner Hatton, a non-tribal member resident of California.
Procedural History
This cause of action was filed on in October 2001. A stay was issued in 2002 because the underlying facts in this case were being litigated, in part, in the courts of the state of Oklahoma. Petitioners consented to the stay in January 2002. The stay was lifted in December 2003.
Pending before the Court is Respondent’s Joint Motion to Dismiss and Motion for Summary Judgment of December 16, 2003. On January 21, 2004, Petitioners’ sought to voluntarily dismiss their claims. Respondent objected to the dismissal asking the Court to rule on the merits of the case. On February 20, 2004, this Court issued orders allowing the withdrawal of Petitioners’ attorney A.J. Garcia, and allowing Petitioners to continue the cause of action pro se. The parties waive oral argument.
Findings of Fact
. The facts, as alleged in the petition, are that the Respondent Principal Chief caused a lawsuit to be filed in the state courts of Oklahoma against the Petitioners. Petitioners allege that Respondent had bad faith motivations for filing the lawsuit based on political retaliation and other allegations. Petitioners contend that the lawsuit in state court was groundless,
Respondent admits to authorizing the lawsuit to be initiated in the District Court of Cherokee Country on behalf of the Cherokee Nation. The state lawsuit alleged that Petitioners had falsely claimed to represent the Cherokee Nation government and sold automobile plates, tax registrations and automobile titles in the name of “Cherokee Nation.” The state court ruled that it had jurisdiction to hear the case and ruled for the Cherokee Nation on the merits. The Oklahoma Court of Civil Appeals affirmed the trial court and the Oklahoma Supreme Court denied cert. All state claims have now been exhausted.
Conclusions of Law
As Petitioners point out in their first Motion for Decision filed in April *8 2005, the primary issue before this Court is whether Principal Chief is vested with authority to file a lawsuit in state court without the approval of the Tribal Council.
Article VI of the Cherokee Constitution defines the powers of the Executive Branch. The powers are broadly defined and simply state that “the executive power shall be vested in the Principal Chief.” Ait. VI, Sec. 1. Further, “the Principal Chief shall cause the laws of the Cherokee Nation to be faithfully executed, and shall conduct in person and in a manner prescribed by law, all communications and business of the Cherokee Nation.” Art. VI, Sec. 10. Unless the actions of the Principal Chief otherwise conflict with a power reserved to the legislative branch of the judicial branch, his actions will withstand constitutional challenges. In this instance, the Principal Chief caused a lawsuit to be filed on behalf of the Cherokee Nation.
Petitioners argue that 62 CNCA § 62 requires the Council to consent to any “waiver of sovereignty.” However, this legislation speaks to waivers of sovereign immunity in financial matter made by the Cherokee Nation. The Cherokee Nation does not waive sovereign immunity by filing a lawsuit in another jurisdiction. A waiver of sovereign immunity is an express statement that the Cherokee Nation consents to be sued. This did not happen in the present case.
In March 2001, the Tribal Council passed legislation entitled the Consent for Litigation Act. LA 07-01 (2001). This Act requires legislative consent for the Principal Chief to initiate certain lawsuits. The state lawsuit at issue in this case was initiated before the legislation was enacted.
There was no constitutional requirement, nor legislation in effect at the time, that would have required the Principal Chief to obtain consent before initiating the state lawsuit. As such, we hold that it was within the Principal Chiefs authority to have the state cause of action filed.
The state court ruled that it had jurisdiction to hear the cause of action initiated by the Cherokee Nation and heard the merits of the case, deciding in favor of the Cherokee Nation. It is the policy of this Court to reciprocally grant full faith and credit to the judgments of the courts of Oklahoma. Order of Chief Justice Birdwell, JAT AD-95-01 (1995). This Court will also honor decisions of federal and other tribal jurisdictions that grant full faith and credit to the orders of this Court.
Petitioners request this Court to rule that the state court proceedings were commenced frivolously and that the commencement of such law suit violated Petitioners’ civil rights. This Court is unwilling to invalidate a state court proceeding on either of these grounds. To do so would violate this Court’s policy for the recognition of foreign judgments. In effect, Petitioner is asking this Court for an order stating that the state proceedings were frivolous and groundless, after the state court has ruled on the merits of the case.
This Court has very little evidence before it with respect to the Petitioners’ civil rights claims. The Petitioners’ have twice asked for a decision on the merits, and as such, have agreed to have this matter decided on the pleadings rather than presenting evidence to this Court in the context of a trial.
This Court finds there is no evidence to support a violation of Petitioners’ civil rights under either the Cherokee constitution or the Indian Civil Rights Act. Petitioner provides no evidence or testimony *9 to this Court beyond the allegations set forth in the pleadings.
The Bill of Rights found in Article II of the Cherokee Nation Constitution is controlling. The Cherokee Constitution specifically incorporates the protections of the federal Indian Civil Rights Act. Petitioners allege that the filing of the state lawsuit violated the right of freedom of expression because the state lawsuit is said to have been a political retaliation against Petitioners.
The state court ruled that Petitioners’ conduct violated state law aimed at preventing deceptive trade practices and that the Petitioners’ falsely held themselves out as officials of the Cherokee Nation. This type of conduct is not a protected form of speech under the Cherokee Constitution.
The state court also ruled that Petitioners were part of a group that conspired to defraud individuals, leading the individuals to believe they were purchasing Cherokee Nation automobile tags and titles. Petitioners do not have a protected freedom of association for these purposes.
Petitioners allege that they were denied due process of the law by the state courts. Verified Petitioner, p. 17-38. This Court lacks jurisdiction to entertain claims regarding the state action. If Petitioners have civil rights complaints against the state judiciary, this is not the proper forum to seek redress. This Court is limited to reviewing the actions of tribal officials, in this case, the Principal Chief.
Petitioners also allege that they were denied due process because this Court is not a lawful tribal court which is “duly constituted” and “federally authorized,” to hear claims under the Indian Civil Rights Act. Nonetheless, Petitioners filed suit in this Court asking for declaratory relief
This Court has jurisdiction in this matter pursuant to Articles II and VII of the Cherokee Constitution, which was approved by the Secretary of the Interior in 1976. This Court is not an administrative tribunal. It is the Court of law for the Cherokee Nation.
This Court holds that the Principal Chief was acting within his powers set forth in the Constitution when he authorized the filing of the lawsuit in the District Court for Cherokee County and that the filing of the lawsuit did not violate Petitioners’ civil rights as a matter of Cherokee law.